UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

DONNA SCHMITT,
on behalf of herself and
others similarly situated,

    Plaintiffs,

v.

SEDGWICK CLAIMS MANAGEMENT
SERVICES INC., a Foreign for Profit
Corporation,

    Defendant.

CASE NO.: 2:24-cv-2188

(FLSA COLLECTIVE ACTION)
**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, DONNA SCHMITT ("Plaintiff"), on behalf of herself and all other similarly situated employees, through the undersigned counsel, and sues Defendant, SEDGWICK CLAIMS MANAGEMENT SERVICES INC. ("Defendant"), and in support states as follows:

### Introduction

1. During the FLSA Class Period, Defendant misclassified Plaintiff and similarly situated employees as exempt from overtime, and as a result, failed to pay Plaintiff and all class members overtime.

2. Plaintiff brings this instant action against Defendant, on behalf of herself and a class of former, current and future employees who were similarly situated, to seek redress for Defendant's systematic and class-wide failure to pay overtime, and for all other damages requested herein.

1

## Jurisdiction and Venue

3. This is an action for damages by Plaintiff against her employer and/or former employer for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. ("FLSA"). This Court has jurisdiction over Plaintiff's FLSA claims, pursuant to 28 U.S.C. § 1331.

4. Venue is proper in this Court pursuant to Rule 3.3(b)(1) and (4) of the Local Rules of the Western District of Tennessee. Venue is proper in this District because the Defendant Corporation is deemed a resident of this Division since its headquarters and principal place of business is located in Shelby County, Tennessee, and at all times material to Plaintiffs' claims, Defendant conducted substantial, continuous, and systematic commercial activities in this District.

5. This Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1332(a). The domicile of Plaintiff and Defendant is diverse. In this regard, and as more fully alleged below, Defendant is incorporated in Tennessee. Plaintiff is domiciled in Iowa and similarly situated employees are domiciled in different states than Defendant and the amount in controversy exceeds the sum or value of $75,000.00.

## Parties and Factual Allegations

6. This is an action for violations of the FLSA brought by Plaintiff and on behalf of current and former similarly situated employees of Defendant.

7. Defendant, SEDGWICK CLAIMS MANAGEMENT SERVICES INC., is a Tennessee for Profit Corporation, operating a business located, among other locations, in Shelby County, Tennessee. Defendant also operates businesses that employ current or former similarly situated employees who work(ed) in and/or report(ed) to other states located throughout the United States.

8. Defendant is an enterprise engaged in interstate commerce with annual gross business of $500,000.00 or more.

9. Defendant is an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

10. Plaintiff, DONNA SCHMITT, has been employed by Defendant since on or around 2008, and for the relevant period of time, was paid on a salaried basis, and held the title of "Performance Assurance Analyst."

11. Plaintiff is an employee of Defendant as defined by 29 U.S.C. § 203(e).

12. Plaintiff is not exempt under any exemption under the FLSA.

13. As used in this pleading, the term "Performance Assurance Analysts" refers to all former and current employees of Defendant within the relevant period of time, whose job duties included review of disability claims to ensure the proper policies and standards were applied. Upon information and belief, such Analysts perform and/or performed the same or substantially similar job duties and work and/or worked for Defendant in multiple departments. Upon information and belief, Defendant uses and/or has used different position titles to label Analysts.

14. As used in this pleading, the term "FLSA Class" refers to all current, former, and future salaried employees who held the position Performance Assurance Analyst whose job duties included review of disability claims to ensure the proper policies and standards were applied; who were and/or are employed during the relevant time for this instant FLSA action, who were and/or are classified as exempt and paid a salary; and, who work(ed) more than forty (40) hours per workweek; including any time during which the statute of limitation was or may have been tolled or suspended.

15. At all relevant times Defendant directly, or through its agents or other persons, employed Plaintiff and/or other Covered Employees, and exercised control over the wages, hours, and working conditions of Plaintiff and other Covered Employees.

16. On a frequent basis throughout Plaintiff's employment with Defendant, Plaintiff frequently and routinely worked in excess of forty (40) hours per week but was not compensated for all hours worked in excess of forty (40) hours at a rate not less than one-and-one-half times the regular rate of pay.

17. Plaintiff worked before and after scheduled shifts; worked through lunch breaks; and occasionally worked on the weekends.

18. At all relevant times, Defendant was aware that Plaintiff frequently, customarily and routinely worked in excess of forty (40) hours per work week.

19. Plaintiff's job duties in the position of "Performance Assurance Analyst" included review of disability claims to ensure the proper policies and standards were applied; and all processes were correctly followed by Defendant's Claims Examiners who processed the claims being reviewed. Plaintiff reported findings of reviews to supervisors.

20. At all relevant times Plaintiff worked in excess of forty (40) hours per week, Defendant was aware of, and suffered or permitted the same.

21. Defendant employs hundreds of similarly situated employees throughout the United States now and during all relevant time periods.

22. Other employees who worked for Defendant throughout the United States, and who are members of the FLSA Class as defined herein were subjected to the same and/or similar policies and practices and have sustained similar losses of compensation.

23. At all relevant times Plaintiff and Covered Employees are, and have been, similarly situated. Plaintiff and Covered Employees had substantially similar job requirements and pay provisions, and have been subjected to Defendant's common policies, programs, practices, procedures, protocols, routines, and rules, including (1) willfully failing and refusing to pay them at the legally required one-and-one-half rate for work in excess of forty (40) hours per week; (2) willfully and inaccurately misclassifying them as exempt from overtime pay, even though Defendant was aware that they were non-exempt and entitled to overtime pay; (3) willfully failing to keep records required by the FLSA, specifically in violation of 29 U.S.C. 211 (c).

24. The claims of Plaintiff stated herein are essentially the same as those of the other potential Plaintiffs.

25. Defendant classified individuals holding the position of Performance Assurance Analyst as salaried exempt knowing and/or showing reckless disregard for whether its conduct was prohibited by the FLSA; and/or had a common scheme and plan for systematically classifying these positions as exempt.

26. Plaintiff and all other similarly situated individuals have sustained damages from Defendant's failure to pay overtime compensation.

27. Plaintiff retained LYTLE & BARSZCZ, P.A. to represent her in this matter and has agreed to pay said firm attorneys' fees and costs for its services.

28. The prosecution of this case as a Collective Action is superior to alternatives, if any, for the fair and efficient adjudication of this controversy, because it permits a large number of similarly injured persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence and effort.

## COUNT I
## Violation of the Overtime Provisions

**of the Fair Labor Standards Act**

29. Plaintiff repeats and incorporates by reference each and every allegation set forth in Paragraphs 1 through 27 above, as if fully set forth herein.

30. Plaintiff is an employee of Defendant as defined by 29 U.S.C. § 203(e).

31. Plaintiff is not exempt under any exemption pursuant to 29 U.S.C. § 213.

32. Defendant is an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

33. Defendant is an enterprise engaged in interstate commerce with annual gross business of $500,000.00 or more.

34. During the relevant statutory period, Plaintiff and other similarly situated employees were paid a salary and regularly worked in excess of forty (40) hours per week.

35. Defendant failed to pay Plaintiff and other similarly situated employees the required overtime rate, one-and-one-half times their regular rate, for all hours worked in excess of forty (40) hours per week.

36. Defendant misclassified Plaintiff and other similarly situated employees as exempt from overtime pay.

37. Defendant willfully failed to keep proper records of all hours worked by Plaintiff as required by 29 U.S.C. § 211(c), even though Plaintiff was entitled to overtime compensation.

38. Defendant's failure to pay the required overtime rate was willful and/or the result of a common policy or plan that Plaintiff and all similarly situated employees were subjected to, which resulted in Plaintiff and similarly situated employees not being paid one-and-one-half times their regular rate for all hours worked in excess of forty (40) hours per week.

39. Due to Defendant's willful violation of the FLSA a three (3) year statute of limitation applies.

40. As a result of Defendant's violations of the FLSA, Plaintiff and other similarly situated employees have suffered damages.

41. Plaintiff retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorneys' fees and costs for its services.

**WHEREFORE** Plaintiff, on behalf of herself and other similarly situated employees, demands judgment against Defendant for the following:

A. Certification of this action as a collective action brought pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as representative of this FLSA Collective Action;

C. Appoint Lytle & Barszcz, P.A. as class counsel;

D. That the Plaintiff be allowed to give notice of this collective action, or that this Court issue such notice at the earliest possible time; to all past and present similarly situated employees employed by Defendant at any time during the three (3) year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice;

E. That all past and present members of the FLSA Class be informed of the nature of this collective action, and similarly situated employee's right to join this lawsuit if they believe that they were or are misclassified as an exempt employee;

F. Equitable tolling of the statute of limitations for all potential opt in Plaintiffs from the date of filing this Complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. § 216(b);

G. Enter Judgment against Defendant in the amount of the Plaintiff's and Class Members' individual unpaid overtime proven to be due and owing;

H. An additional amount equal to unpaid overtime proven to be due and owing in liquidated damages;

I. Pre- and post-judgment interest as allowed by law;

J. Any other additional damages and penalties available under the law;

K. Attorneys' fees and costs;

L. That the Court enjoin Defendant pursuant to 29 U.S.C. § 217 of the FLSA from withholding future payment of overtime compensation owed to members of the FLSA Class;

M. Declare the practices complained of herein unlawful; and,

N. Grant Plaintiffs and the Class Members such further relief as the Court finds just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted on this 22nd day of March 2024.

/s/ David V. Barszcz, Esq.
**Mary E. Lytle, Esquire**
Florida Bar No.: 0007950
**David V. Barszcz, Esquire**
Florida Bar No.: 0750581
**LYTLE & BARSZCZ**
533 Versailles Drive, Suite 100
Maitland, Florida 32751
Telephone: (407) 622-6544
Facsimile: (407) 622-6545
mlytle@lblaw.attorney
dbarszcz@lblaw.attorney
**Counsel for Plaintiff**